Filed 12/27/24  P. v. Soto CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JOSE SOTO,<br><br>　　　Defendant and Appellant. | B335713<br><br>(Los Angeles County<br>Super. Ct. No. KA028526) |

APPEAL from an order of the Superior Court of the County of Los Angeles, Jacqueline H. Lewis, Judge.  Reversed and remanded with instructions.

Richard Lennon, and Sydney Banach, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Jose Soto appeals from the order denying his request for resentencing under Penal Code section 1172.75.[1] We reverse and remand with instructions.

# II. BACKGROUND

A jury found defendant guilty of second degree robbery in violation of section 211, and the trial court found true, among other allegations, that he had served a prior prison term within the meaning of former section 667.5, subdivision (b). The court sentenced defendant to a term of 36 years to life.

A prior panel of this court affirmed defendant's conviction but remanded the matter with instructions to determine whether to strike any of defendant's prior convictions pursuant to section 1385. (*People v. Soto* (Dec. 22, 1997) B101644 [nonpub. opn.].) On remand, the trial court denied defendant's motion to dismiss his prior strike convictions, but stayed imposition of the one-year prior prison term enhancement imposed under former section 667.5, subdivision (b) and reduced his sentence to 35 years to life.

On March 30, 2023, the trial court issued an order noting that defendant's name appeared on the Department of Corrections list of inmates eligible for resentencing pursuant to sections 1172.7, subdivision (a) and 1172.75, subdivision (a). The court then set the matter for a resentencing hearing.

Following receipt of the District Attorney's opposition to resentencing, the trial court held a hearing, found that "defendant is not currently serving a sentence that includes a

---

[1] All further statutory references are to the Penal Code.

[former section] 667.5[, subdivision (b)] enhancement because that enhancement was stayed on [June 15, 1998]", and determined that "defendant is ineligible for relief under [section 1172.75].  The [former section] 667.5[, subdivision (b)] enhancement is permanently stayed."

Defendant timely appealed from the order denying resentencing.

## III.   DISCUSSION

Defendant contends that the trial court erred by concluding he was ineligible for resentencing under section 1172.75 because his prior prison term enhancement under former section 667.5 had been stayed.  According to defendant, "[t]he plain language of section 1172.75, as well as the legislative history, shows the Legislature intended to offer full resentencing relief to all defendants who had section 667.5, subdivision (b) enhancements included in their judgments, whether those enhancements were executed or not."

The Attorney General disagrees, arguing that section 1172.75 "contemplates relief for persons currently serving sentences that include a prison prior enhancement.  [Defendant's] sentence was not altered by imposition of a prior prison term enhancement.  Thus, he was not entitled to relief."

The parties acknowledge the split in authority on the issue of whether a defendant, whose prior prison term enhancement under former section 667.5, subdivision (b) was stayed, is entitled to relief under section 1172.75 and that the issue is currently on review before the Supreme Court.  (Compare e.g. *People v. Rhodius* (2023) 97 Cal.App.5th 38, 45 (rev. granted Feb. 21, 2024,

3

S283169) [holding that, in harmonizing the provisions of the statute, section 1172.75 applies only to imposed and executed prior prison term enhancements because the word "imposed" in the statute should be read as "imposed and executed"]; and *People v. Christianson* (2023) 97 Cal.App.5th 300, 313 (rev. granted Feb. 21, 2024, S283189) (*Christianson*) [holding that the statute read as a whole shows that the Legislature meant to use "impose" in "the broader sense," to include enhancements that were stayed].)

Pending resolution of the issue by the Supreme Court, we follow the majority of the decisions that have interpreted section 1172.75 to include defendants whose prior prison term enhancements under former section 667.5 were imposed but stayed by the trial court. (See *Christianson, supra*, 97 Cal.App.5th at pp. 312–313.) We therefore reverse the order denying resentencing under section 1172.75.

## IV.    DISPOSITION

The order denying resentencing is reversed and remanded with instructions to issue a new order granting the request for resentencing under section 1172.75.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM (D.), J.


We concur:



BAKER, Acting P. J.



MOOR, J.